UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

PARC REGENT CONDOMINIUM  CASE NO: 09-80868-CIV-COHN
ASSOCIATION, INC. a Florida not for profit  Magistrate: Turnoff
corporation,

    *Plaintiff,*

vs.

QBE INSURANCE CORP., a
Pennsylvania corporation,

    *Defendant.*

_____/

## PARC REGENT'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Plaintiff, Parc Regent Condominium Association, Inc. ("Parc Regent"), pursuant to Fed. R. Civ. P. 12(f), moves to strike Defendant, QBE Insurance Corporation's ("QBE"), affirmative defenses and states as follows:

### I.  Background

Parc Regent, a condominium association located in Palm Beach County, Florida, filed this lawsuit against its insurer, QBE, when QBE failed to pay for roof damage to the condominium building arising out of a covered loss. The loss occurred on November 22, 2006, when a plumber working in a resident's unit negligently connected a main water supply servicing the condominium building to an old re-circulation system located beneath the roof system, causing the roof deck to fill with water, and seriously compromising the entire roof. QBE's initial adjuster offered to pay for repairs to the roof, but when the engineer concluded that the roof needed to be replaced, QBE offered to pay only 15% of the replacement cost. QBE, to date, has paid nothing towards this claim.

Accordingly, on June 11, 2009, Plaintiff filed this Complaint seeking damages arising out of QBE's breach of contract. [DE 1]. In response QBE filed its Answer and Affirmative Defenses. QBE's Affirmative Defenses are comprised of conclusory, redundant and immaterial allegations that are legally insufficient and should be stricken.

## II.     Legal Standard

Pursuant to Fed. R. Civ. P. 12(f), the "Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). A defense is legally insufficient if, "on the face of the pleadings it is patently frivolous or if it is clearly invalid as a matter of law." *Morrison v. Executive Aircraft Refinishing, Inc.,* 434 F. Supp. 1314, 1318 (S.D. Fla. 2005) (quoting *Anchor Hocking Corp., v. Jacksonville Elec. Auth.,* 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).

Most affirmative defenses are subject to the general pleading requirements of Fed.R.Civ.P. 8(a), which requires a "short and plain statement" of the asserted defense. *Meridian of Palm Beach Condo. Ass'n, Inc. v. QBE Ins. Corp.,* 2007 WL 1364334 (S.D. Fla. May 8, 2007)(hereinafter *"Meridian"*) (citing *Morrison,* 434 F. Supp.2d at 1318). Some defenses are subject to a heightened standard of pleading which, as set out in Rule 9, requires particularity or specificity. *See United Fixtures Co., Inc. v. Base Manufacturing,* 2008 WL 4550212 (M.D. Fla. Oct. 8, 2008); *Dzafic v. Geovera Specialty Ins. Co.,* 2008 WL 2950125 (M.D. Fla. July 31, 2008).

In order to meet the general pleading requirements of Fed. R. Civ. P. 8(a) in the wake of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a party must allege "enough facts to state a claim to relief that is plausible on its face."[1] The

---

[1] This principle applies in the context of a defendant asserting an affirmative defense. *See Safeco Ins. Co. of America v. O'Hara Corp.,* No.08-CV-10545, 2008 WL 2558015 (E.D. Mich. June 25, 2008).

factual allegations contained in an affirmative defense "must be enough to raise a right to relief above the speculative level." *Isola Condo. Ass'n, Inc. v. QBE Ins. Corp.,* No. 08-21592-CIV, 2008 WL 5169458 (S.D. Fla. Dec. 8, 2008) (citing *Twombly,* at 1964-65).[2]

While Rule 8(a) does not require the presentation of detailed facts, it does require the party raising the affirmative defense to "do more than make conclusory allegations." *Meridian,* 2007 WL 1364334, at *1 (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 684 (M.D. Fla. 2002)). Affirmative defenses that merely list exclusions without "any facts whatsoever in support" thereof, fall "'woefully short' of the liberal pleading requirements of rule 8." *Morrison,* 434 F. Supp. at 1318, n.2 (citing *Microsoft Corp.,* 211 F.R.D. at 684). Accordingly, despite liberal pleading requirements, where an affirmative defense is comprised of no more than "bare bones conclusory allegations, [it] must be stricken." *Id.* (quoting *Morrison,* 434 F. Supp.2d at 1318). *See also Merrill Lynch Business Financial Services, Inc. v. Performance Machine Systems USA,* 2005 WL 975773, *11 (S.D. Fla. 2005) (affirmative defenses are subject to the general pleading requirements of Rule 8(a) "and will be stricken if they failed to recite more than bare-bones conclusory allegations").

**III.     Argument**

As set forth below, QBE's affirmative defenses are comprised of conclusory, redundant and immaterial allegations. As such, they are legally insufficient and should be stricken.

**QBE's First Affirmative Defense: No Coverage**

QBE's First Affirmative Defense, "that the damages alleged . .. are not covered," should be stricken as it constitutes only a conclusory allegation that the loss is either not covered or

---

[2] QBE knows this standard well, as it has on multiple occasions moved to dismiss claims on similar grounds. *See Isola Condo.,* 2008 WL 5169458 at *2; *Nirvana Condominium Association v. QBE Ins. Corp.,* 589 F. Supp.2d 1336 (S.D. Fla. 2008); *Mayfair House Association v. QBE Ins. Corp.,* No. 80359-CIV, 2009 WL 2132704 (S.D. Fla. July 14, 2009).

3

excluded from coverage under the policy. This Court in *Meridian* struck a similar affirmative defense because [t]his affirmative defense does not advise Plaintiff, how, why or in what way the coverage is allegedly excluded . . .". *Meridian,* 2007 WL 1364334 at *2. The same is true here, and QBE's First Affirmative Defense should be stricken as boilerplate and conclusory.

### QBE's Second, Third, Fourth, and Fifth Affirmative Defenses: Boilerplate Policy Exclusions

QBE's Second, Third, Fourth and Fifth Affirmative Defenses likewise constitute conclusory allegations. Citing to or quoting policy provisions, without more, does not cure this defect. *See Meridian,* 2007 WL 1364334 at *2. These defenses, which quote policy exclusions concerning wear and tear, rust, deterioration, settling, and continuous seepage of water for over two weeks contain no allegations describing how the quoted policy provision applies to the facts as alleged in Parc Regent's Complaint.[3] In *Meridian,* 2007 WL 1364334 at *2*, this Court ordered a similar affirmative defense "stricken as wholly conclusory in that it does not provide fair notice as to how the quoted provision applies to the facts of the complaint." The same holds true here, and these defenses should be stricken.

### QBE'S Sixth, Eleventh, Thirteenth and Fifteenth Affirmative Defenses: Conditions Precedent

In its Thirteenth and broadest affirmative defense pertaining to conditions precedent, QBE states that "Plaintiff failed to comply with all conditions precedent to stating a claim under the subject insurance policy." [DE 8] This defense is legally insufficient and should be "stricken as it is a conclusory, bare-bones allegation that Plaintiff failed to comply with conditions precedent." *See Meridian,* 2007 WL 1364334 at *2; *Sands Poine,* 07-21329-CIV-Brown, n.1; *Atlantic II at the Point Condo. Ass'n v. QBE Ins. Co.,* No.09-20375-CIV-Lenard/Garber (June

---

[3] These "defenses" have been grouped together for discussion purposes to emphasize that with the exception of citing different policy provisions, they are all basically the same defense.

4

24, 2009) (Order Striking similar defenses). QBE fails to comply with Fed. R. Civ. P. 9(c), which provides that such defenses "shall be made specifically and with particularity." *Meridian*, 2007 WL 1364334, at *2; *see Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, 2008 WL 2490450 (S.D. Fla. June 18, 2008) ("Under Rule 9(c), conditions precedent may be alleged generally in a complaint. If the defendant disagrees with that allegation, 'a denial of performance or occurrence shall be made specifically and with particularity.'") (citations omitted).

QBE's Sixth, Eleventh and Fifteenth Affirmative Defenses alleging a failure to comply with various policy conditions are similarly deficient. QBE's Sixth Affirmative Defense alleges a breach of the policy's Duties in the Event of Loss condition, but fails to describe how Plaintiff breached any of the nine delineated provisions. QBE's Eleventh Affirmative Defense asserts, without reference to the facts of this case, a breach of the Legal Action Against Us clause, which purports to require "full compliance with all of the terms of this Coverage Part" prior to suit. In its Fifteenth Affirmative Defense, QBE asserts breach of the Replacement Cost provision's repair "as soon as reasonably possible" language by merely quoting that provision. QBE provides no factual support as to how plaintiff failed to comply with these provisions in violation of Rule 9(c)'s requirement that 'a denial of performance or occurrence shall be made specifically and with particularity." Accordingly, QBE's Sixth, Eleventh, and Fifteenth Affirmative Defenses should be stricken.

### Defendant's Fourteenth Affirmative Defense: Set Off

In its Fourteenth Affirmative Defense, QBE claims it is entitled to a set off or credit for any amount paid or payable to Plaintiff for any damages alleged in the Complaint, but QBE makes no reference to payments that have been or will be made to Plaintiff. "[D]efendants are required to allege with sufficient detail and factual support, the nature of the alleged set off."

5

*Romero v. Southern Waste Systems, LLC,* No.09-80066-CIV, 2009 WL 1507702 (S.D. Fla. May 26, 2009). Since QBE failed to allege facts to support its set off defense, the Fourteenth Affirmative Defense should be stricken.

### QBE's Sixteenth Affirmative Defense: Negligence of Others

QBE's Sixteenth Affirmative Defense should be stricken not only as conclusory, but also because it is impertinent, immaterial, and legally invalid. QBE asserts that "if there is any negligence, that caused or contributed to plaintiff's damages, it was solely the result of negligence on the part of third persons... therefore the Plaintiff cannot recover against this Defendant." [DE 8]. QBE admits, however, that "the insurance policy issued to Policyholder provides that the water intrusion event is a covered loss . . .". [D.E. 8, ¶36]. QBE is obligated to pay for this covered loss even if caused by the negligence of a third party.[4] In fact, the Policy contemplates just such a scenario in the Transfer of Rights of Recovery Against Others To Us provision, which provides that if any organization to whom QBE makes a payment "has rights to recover damages from another, those rights are transferred to us to the extent of our payment." Policy, Commercial Property Conditions, I.

Last, QBE's Sixteenth Affirmative Defense, like the others, is comprised of a single conclusory allegation that fails to even reference the facts of this case. Accordingly, QBE's Sixteenth Affirmative Defense is insufficient as a matter of law and should be stricken.

### QBE's Eighth Affirmative Defense: Multiple Deductibles

QBE's Eighth Affirmative Defense alleges that "each loss is subject to a separate deductible…" [DE 8]. This affirmative defense is plainly boilerplate and asserted without regard to the facts of the complaint, in particular the fact that the Complaint alleges only one claim for

---

[4] Defenses sounding in negligence generally do not apply to breach of contract actions. *See e.g., Tampa Electric Co. v. Stone & Webster Engineering, Corp.*, 367 F.Supp. 27 (M.D. Fla. 1973).

roof damage from a water intrusion event. In *Meridian*, QBE alleged similar affirmative defenses – the application of multiple deductibles from Hurricanes Frances and Jean – notwithstanding that the complaint alleged property damage from Hurricane Jeanne only. This Court properly struck the affirmative defenses "as redundant and immaterial." *Meridian,* 2007 WL 1364334 at *2. Here, QBE's Eighth Affirmative Defense does not even identify a second loss, let alone reference the facts of this case. Accordingly, it should be stricken as both conclusory and immaterial.[5]

### QBE's Tenth Affirmative Defense: Failure to Mitigate

In its Tenth Affirmative Defense, QBE alleges in a single sentence with no reference to the facts of this case that "Plaintiff has failed to mitigate damages. . .". [D.E. 8]. Where, as here, an affirmative defense "consist[s] merely of one sentence assertions with no factual support, the Court will strike them." *Premium Leisure, LLC v. Gulf Coast Spa Mfg.*, 2008 WL 3927265, *4 (M.D. Fla. 2008) (striking, among others, a failure to mitigate affirmative defense, because it consisted of nothing more than a bare-bones allegation). QBE has failed to allege how Plaintiff failed to mitigate its damages, and its Tenth Affirmative Defense should accordingly be stricken.

### QBE's Seventh Affirmative Defense: Parc Regent Repaired Too Quickly

Curiously, QBE's Seventh Affirmative Defense alleges the opposite of failure to mitigate – that Plaintiff performed repairs too quickly. In its Seventh Affirmative Defense, QBE "states that the Plaintiff's action is barred based upon the fact that the Plaintiff performed various repairs prior to affording the insurance carrier a reasonable opportunity to inspect the property damage which forms the basis of this claim." [D.E. 8]. QBE, however, fails to identify the policy condition upon which it relies. Nor does the carrier allege any factual support concerning failed

---

[5] A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. *See Fantasy Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1995).

attempts to inspect or how and what repairs interfered with its investigation, though that much is required in order to plead breach of a policy condition under Fed. R. Civ. P. 9(c). QBE's Seventh Affirmative Defense should accordingly be stricken.

### QBE's Ninth and Twelfth Affirmative Defenses: Notice

QBE's Ninth and Twelfth Affirmative Defenses are nearly identical, each alleging in a single conclusory sentence that Plaintiff failed to provide proper notice. Such defenses essentially allege breach of the Policy's notice condition and must be pled specifically and with particularity. *See* Fed. R. Civ. P. 9(c). QBE does not allege when it received notice of the loss nor how it was prejudiced. These defenses should accordingly be stricken as conclusory and redundant.

### QBE's Seventeenth Affirmative Defense: Fraud

Defendant's Seventeenth Affirmative Defense asserts that coverage is void based upon fraud, misrepresentation or concealment pursuant to language in the policy. [DE 8]. QBE generally alleges that "Plaintiff has made statements by including within its alleged claim 'damages' that consist of pre-existing conditions and damages not related to the plumbing event, including but not limited to pre-existing problems with its roofing system, and is now claiming this damage as a result of the claimed loss." *Id.*

Rule 9(b) states, in relevant part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The purpose of pleading fraud specifically and with particularity is to ensure that a claim of fraud is "responsible and supported, rather than defamatory and extortionate." *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007); *see also Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (the particularity requirement serves the purpose of protecting parties' against spurious

8

charges of immoral and fraudulent behavior). Mere conclusory allegations of fraud or misrepresentation are insufficient. [6]

QBE's fraud defense must comply with the heightened pleading standards of Rule 9(b), which requires plaintiffs to plead "the circumstances constituting fraud… with particularity." Under Rule 9(b), a [party] must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *BJC Health Sys. v. Columbia Cas. Co.,* 478 F.3d 908, 917 (8th Cir. 2007). Thus, "conclusory allegations that a [party's] conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Id*; *see also U.S. v. McInteer,* 470 F.3d 1350, 1357 (11th Cir. 2006) ("Particularity means that 'a plaintiff must plead 'facts as to time, place, and substance of the defendant's alleged fraud, specifically 'the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them.'"))

Defendant's Seventeenth Affirmative Defense fails to meet the pleading standards of Rule 9(b). QBE mentions "statements" made by Parc Regent for "damages" claimed that it contends were not related to the plumbing event, but fails to identify or describe precisely what portion of the damages QBE contends were fraudulently claimed. Nor does QBE allege when, where and how these purported damage misrepresentations were made. QBE's defense alleges fraud only in conclusory terms and lacks pertinent facts to satisfy the specificity requirements. It should accordingly be stricken as insufficient as a matter of law. *See also Lafayette Corp., Ltd., v. Bank of Boston Int'l South,* 723 F. Supp. 1461, 1467 (S.D. Fla. 1989) (granting motion to

---

[6] Moreover, under Florida law, "in order to raise and affirmative defense of fraud, the 'pertinent facts and circumstances constituting fraud must be pled with specificity, and all the essential elements of fraudulent conduct must be stated.' An affirmative defense of fraud that is not pleaded with particularity is deemed waived. Allegations of fraud that are too general, vague, or conclusory are insufficient to establish the defense." *See Zikofsky v. Robby Vapor Systems, Inc.,* 846 So.2d 684, 685 (Fla. 4th DCA 2003) (internal citations omitted).

strike fourth affirmative defense that "alleges fraud only in conclusory terms without stating with the requisite specificity any particulars of the misrepresentation…").

**IV.     Conclusion**

For all of the foregoing reasons, the Court should strike QBE's affirmative defenses.

> David A. Core, Esq.
> Gilbert V. Moore, Esq.
> **ST. JOHN, CORE & LEMME, P.A.**
> Counsel for Plaintiff
> 1601 Forum Place
> Suite 701
> West Palm Beach, FL 33401
> (561) 655-8994
> (561) 659-0850 *facsimile*
>
> - and -
>
> R. Hugh Lumpkin, Esq.
> Meghan C. Moore, Esq.
> **VER PLOEG & LUMPKIN, P.A.**
> Co-Counsel for Plaintiff
> 100 S.E. 2nd Street
> 30th Floor
> Miami, FL 33131-2158
> (305) 577-3996
> (305) 577-3558 *facsimile*
>
>
> By:    *s/ Meghan C. Moore*
> **R. Hugh Lumpkin**
> Florida Bar No. 308196
> hlumpkin@vpl-law.com
> **Meghan C. Moore**
> Florida Bar No. 0668958
> mmoore@vpl-law.com

CASE NO: 09-80868-CIV-COHN

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 4th, 2009 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List *via* transmission of Notice of Electronic Filing generated by CM/ECF.

*s/ Meghan C. Moore*
**Meghan C. Moore**

## SERVICE LIST
Case No.: 09-80868-CIV-ZLOCH

Rachel Studley, Esq.
rstudley@wickersmith.com
J. J. Wicker, II, Esq.
JWicker@wickersmith.com
**WICKER, SMITH, O'HARA, MCCOY & FORD, P.A.**
1645 Palm Beach Lakes Blvd.
Suite 700
West Palm Beach, FL 33401
Phone: (561) 689-3800
Fax: (561) 689-9206
*Attorneys for Defendant.*